IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDERSON LIVING TRUST, fka
James H. Anderson Living Trust,
PRITCHETT LIVING TRUST,
CYNTHIA W. SADLER, NEELY-
ROBERTSON REVOCABLE FAMILY
TRUST, and LUTHER FAMILY TRUST,

        Plaintiffs,
  vs.                                                      CIVIL NO.  11-959 JH/LFG

XTO ENERGY, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY

THIS MATTER is before the Court on Defendant XTO Energy, Inc.'s Motion to Stay Discovery [Doc. 31]. The Court considered the motion, the response in opposition [Doc. 41], and the reply [Doc. 45]. Oral argument is not necessary.

### Nature of the Case

Plaintiffs claim that Defendant wrongfully failed to make proper royalty payments on the production of natural gas and associated hydrocarbons, including drip condensate on gas wells located in the State of New Mexico. [Doc. 36 at 1].

Plaintiffs also assert that they were wrongfully assessed costs relating to making the hydrocarbons marketable, and that Defendant engaged in fraud, misstated the value of gas and affiliated sales, breached a duty to market hydrocarbons, and, by other conduct, violated the New Mexico Oil & Gas Proceeds Payment Act. Plaintiffs contend that Defendant failed to accurately report monthly transactions, and, in bad-faith, breached their contract. [Id. at 2-3].

Defendant denies Plaintiffs' allegations concerning improper payment of royalties, and asserts that royalties have been paid in accordance with applicable oil and gas leases, other agreements, and as required by New Mexico law. In lieu of answering the First Amended Complaint, Defendant filed a Motion to Dismiss Plaintiffs' lawsuit [Doc. 28].

Plaintiffs seek to prosecute this lawsuit as a class action. Defendant opposes the request and argues that not only should class certification be denied, but that Plaintiffs' lawsuit should be dismissed outright. Defendant's motion [Doc. 28] contends that Plaintiffs' First Amended Complaint fails as a matter of law under federal substantive and procedural requirements.

## Present Motion

In its Motion to Stay Discovery, Defendant argues that since Plaintiffs are unable to state a claim for themselves, they cannot state claims for a purported class. Accordingly, a stay of discovery should be entered pending the Court's consideration and disposition of the Motion to Dismiss.

The Court entered a Temporary Stay of Discovery [Doc. 39], and advised that when briefing was complete on the motion to stay discovery, it would determine whether discovery should or should not go forward. Further, if discovery were to proceed, the Court indicated that it would limit discovery to Rule 23 class issues, that is, numerosity, typicality of claims, commonality, and adequacy of representation.

As briefing on the Motion to Stay is now complete, the Court determines that the motion is well-taken and will be granted.

## Analysis

Courts have significant discretion in fashioning appropriate case management plans and determining whether discovery should be stayed pending resolution of preliminary issues.

Abdulhaseeb v. Calbone, 600 F.3d 1301, 1310 (10th Cir.), *cert. denied*, 131 S. Ct. 469 (2010). Issues involving simple case management and discovery matters fall within the sound discretion of the court. Cust-O-Fab Serv. Co. LLC v. Admiral Ins. Co., 158 F. App'x 123, 129 n. 3 (10th Cir. Dec. 9, 2005)(unpublished).

Recognizing the costs and burdens that can be imposed on parties during the class certification process, the Manual for Complex Litigation, § 21.133, at 253-54 (4th ed. 2004). recommends that threshold issues be resolved before deciding certification. The recommendation for rulings on preliminary matters prior to certification is based on cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, as well as studies demonstrating that pre-certification rulings frequently dispose of all or part of the litigation. *See, e.g.*, Thomas E. Wilging, et al., Laural L Hopper and Robert J. Niemic, Empirical Study of Class Actions in Four Federal District Courts: Final Report to the Advisory Committee on Civil Rules, 29-32 (1996) (finding that the rate of rulings on dispositive pre-certification motions to dismiss was about 80% in three of four districts studied and about 60% in other districts). *See also* Coalition to Defend Affirmative Action v. Regents of Univ. of Mich., 539 F. Supp. 2d 960, 973 (E.D. Mich. 2008)(pre-certification rulings frequently dispose of all or part of litigation).

For these reasons, the authors on the Manual on Complex Litigation state:

> Efficiency and economy are strong reasons for a court to resolve challenges to personal or subject matter jurisdiction before ruling on certification. The judge should direct counsel to raise such challenges before filing motions to certify. Similarly, courts should rule early on motions to dismiss, challenging whether the plaintiffs have stated a cause of action. Early resolution of these questions may avoid expense for the parties and burdens for the court and may minimize use of the class certification process for cases that are weak on the merits.

Id.; *see also* Curtin v. United Airlines, Inc., 275 F.3d 88, 93 (D.C. Cir. 2001)(holding that where a

3

plaintiff's claims can readily be resolved on motion, where a defendant seeks early disposition of the claims, and where the plaintiffs are not prejudiced, a district court does not abuse its discretion by resolving these issues before considering the question of certification).

Such is the case here. In its Motion to Dismiss, Defendant seeks dismissal of the entire lawsuit. The pre-certification motion, asserting that Plaintiffs failed to state a claim under Fed. R. Civ. P. 12(b)(6), should be determined before the parties are put through the burdens and expense of certification discovery. There is no evidence of prejudice to Plaintiffs. Thus, in accord with the Federal Judicial Center's recommendations contained in the <u>Manual on Complex Litigation</u>, time and expense would be saved by staying discovery pending the Court's consideration and decision on Defendant's Rule 12(b)(6) motion.

Accordingly, the Court finds good cause to grant the motion and extends the temporary stay of discovery previously issued until such time as the trial Court considers and rules on Defendant's Motion to Dismiss.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge